### APPS *v.* WALTERS.

1. NEGLIGENCE—PERSONAL INJURIES—INFANTS—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

    In an action for personal injuries, a nine-year old boy, who was struck and injured by defendant's automobile when he suddenly ran into the street directly in front of the automobile, was properly *held*, guilty of contributory negligence as a matter of law.

2. SAME—GROSS NEGLIGENCE.

    Gross or subsequent negligence consists of failure to exercise ordinary care to prevent injury to another after his peril is, or, in the exercise of ordinary care, should have been, discovered.

3. SAME—CONCURRENT NEGLIGENCE OF PLAINTIFF AND DEFENDANT.

    Where the evidence is undisputed that defendant acted promptly after he discovered plaintiff running across the street, that the accident happened "very quickly," and that defendant would have avoided it had not plaintiff continued to run, the negligence of plaintiff was concurrent with that of defendant, and the doctrine of gross or subsequent negligence has no application.

Error to Wayne; Mandell (Henry A.), J. Sub-

On the question of negligence of child in running in front of automobile, see note in 26 L. R. A. (N. S.) 435.

On contributory negligence of children generally, see note in L. R. A. 1917F, 10.

mitted July 20, 1921.    (Docket No. 40.)    Decided October 3, 1921.

Case by David C. Apps, by his next friend, against Reuben Walters for personal injuries.    Judgment for defendant on a directed verdict.    Plaintiff brings error.    Affirmed.

*William Henry Gallagher,* for appellant.

*Lau, Edwards, Eyster & French,* for appellee.

STEERE, C. J.    Plaintiff brought this action to recover damages for personal injuries resulting from defendant's automobile striking him and breaking his leg while he was playing in the street.    The declaration is in the usual form, the charged negligence being "wrongfully driving his automobile at an excessive rate of speed on the wrong side of the street."    The testimony shows that on April 23, 1918, David C. Apps was playing with a group of other boys on the west side of Garland avenue, in the city of Detroit, which runs north and south and is 26 feet in width from curb to curb.    Defendant was driving his automobile south along the avenue near the center of the street, as the undisputed testimony shows.    Plaintiff's evidence shows that it was to the east of the center of the street with "his right wheels about the center," and defendant's that it was on the right side of the street "about 10 feet from the curb."    Plaintiff's evidence was that defendant was driving at the rate of 25 to 30 miles per hour and defendant's that he was driving at about 15 miles per hour.    As the car approached the point where the boys were playing (to within, as respectively stated by the two sides, from 20 to 100 feet) plaintiff suddenly started from the west curb running diagonally across the street after a ball or marble which one of his companions

had thrown. Plaintiff introduced testimony to the effect that the defendant was turned towards and talking with a passenger on the seat beside him to his right and failed to observe the boy until he was not over 4 feet from him, when some one cried out and he then suddenly swerved his car to the left from the boy, mounting the easterly curb and across the grass plot some 50 feet before he stopped. The boy, who kept on running, was hit by the rear part of the car, either the fender or right rear wheel, as it was mounting the curb and his leg was broken. He fell within 3 or 4 feet of the east curb.

There was no traffic upon the street in that vicinity. It was daylight, the boys playing on the curb and defendant's approaching car were in plain sight of each other. Defendant's testimony that he saw the boys when about 200 feet away from them is undisputed. He confirmed the testimony of one of plaintiff's witnesses that he was partly turned towards the right, or west side where the boys were, talking with the man who sat beside him, and said he saw plaintiff as he ran out in the street. That he acted promptly after he saw the boy in danger, and what he did is practically undisputed. He claims the boy darted out upon the street when the car was about 20 feet away. Plaintiff's evidence is to the effect that the car was 100 feet away when the boy started across the street and defendant apparently did not see him until some one shouted when the car was close upon him.

Plaintiff lived on Garland avenue, which his father testified was used as a speedway, and said in cross-examination:

"I always instructed my children to look before they cross a street. I told my children to be careful about stepping in the street, to look for automobiles when they were crossing, because they used to cross Garland avenue and Charlevoix to go to school."

Plaintiff was 9 years old when the accident occurred, had been attending school some 4 years, was a bright, intelligent lad raised in the city and familiar with street conditions, possessed of sufficient experience and intelligence to understand and appreciate the danger of attempting to run across the street in front of an approaching automobile.

The conclusion is unavoidable under the facts shown here that he was guilty of contributory negligence as a matter of law. *Henderson* v. *Railway Co.*, 116 Mich. 368; *Trudell* v. *Railway Co.*, 126 Mich. 73 (53 L. R. A. 271); *Zoltovski* v. *Gzella*, 159 Mich. 620 (26 L. R. A. [N. S.] 435, 134 Am. St. Rep. 752); *Knickerbocker* v. *Railway Co.*, 167 Mich. 596; *Mollica* v. *Railroad Co.*, 170 Mich. 96; *Henry* v. *Railroad Co.*, 189 Mich. 45.

At the conclusion of plaintiff's testimony motion was made by his counsel, and granted, for leave to amend the declaration to include a charge of discovered or subsequent negligence, as to which it is insisted the testimony made a case for the jury. The court directed a verdict for defendant, holding that, under the undisputed testimony, there was no room for the theory of subsequent negligence, saying in part:

"Taking the case of plaintiff at its best, because in determining a motion of this kind the court must so assume, the defendant was driving at the rate of 25 to 30 miles an hour on this street. He discovered at his right and standing at or near the curb three or four boys. He said that he had seen them for some little time prior to that, but it is shown when he got to that point, one of the boys started to cross the street without looking, chasing either a ball or a marble. Whatever happened after that, if the witnesses are correct in their estimates of speed, must have happened almost instantly, for the reason that if one is driving 25 miles an hour, he is making 36.75 feet per second, if driving 30 miles per hour he is

making 44 feet per second. It would not require at the outside, more than two or three seconds for the whole thing to happen. Yet, under the theory of the plaintiff, the driver was expected not only to realize the situation, but to act upon that realization and to have either brought the car to a standstill or have avoided the injury in some other way."

The testimony of the plaintiff's witnesses shows that it all happened "very quickly." A witness of plaintiff testified he heard "some one holler at the boy to look out shortly before the boy was hit," and his father, who was working near by with his back to the street, testified he "heard the yell" and turned around, and the automobile was then "passing between the grass plat" which was east of the east curb of the street.

It is evident that plaintiff's contributory negligence prevents recovery unless defendant was guilty of subsequent negligence in failing, after he saw, or with ordinary care should have seen, the boy in a position of danger, to act promptly and make all reasonable effort to avoid injuring him.

In *Fike* v. *Railroad Co.*, 174 Mich. 167, gross or subsequent negligence, as claimed here, is said to consist of

"Failure to exercise ordinary care to prevent injury to another after his peril is, or should have been, discovered in the exercise of ordinary care. Such failure to exercise ordinary care to prevent injury is so reckless that the law presumes it to be wilful."

The complaint here is failure to sooner see the boy's peril, for it is undisputed that defendant acted promptly after he discovered the boy running across the street. He hastily swung his car sharply to the left away from the boy, over the curb and entirely off the pavement. Had the boy not kept running defendant would have entirely avoided him. The man

who was riding with defendant said in describing the sudden turn and trip over the curb:

"The boy was running so fast he struck his hind wheel. The automobile didn't strike him at all. He ran into the hind wheel."

Plaintiff's main witness said:

"The boy was 3 or 4 feet from the curb when the car hit him; one wheel would hit the curb and the right wheel hit the boy. Am sure the front wheel did not hit him, but the right hand fender. * * * The fender hit the boy as the car was mounting the curb. * * * I said I thought the rear wheel—the rear wheel hit his foot."

While the authorities are not always clear in discussing the elements of gross, discovered or subsequent negligence, a recognized element is that plaintiff's negligence is antecedent and at most but remotely a cause while that of the defendant who thereafter does plaintiff an injury is direct and proximate. The facts in this case do not fairly line up with such a situation. Conceding defendant was guilty of negligence, we find the contributory negligence of plaintiff was not only antecedent but continuing and actively concurrent until the accident happened, being both a remote cause and as efficient a proximate cause as any negligence of defendant. In the *Fike Case,* which was affirmed, the charge quoted contained this pertinent instruction:

"Even though you may believe from the evidence that the plaintiff or Charles Fike was guilty of negligence, yet if you further believe that such negligence of both the plaintiff and Charles Fike ceased before the negligence of the defendant began, and did not again occur before or at the time of the collision, then the jury should find for the plaintiff."

In other words, if plaintiff's active contemporaneous negligence was a concurring proximate cause, the doc-

trine of gross or subsequent negligence did not apply. Under the most favorable view of plaintiff's testimony the efficient proximate cause of the accident which befell him was the combined concurrent negligence of himself and defendant with no efficient intervening or supervening cause. The rule is applied and instructively reasoned in the recent case of *Krouse* v. *Railway Co.*, 215 Mich. 139.

We find no occasion to disturb the conclusion of the trial court that plaintiff was guilty of contributory negligence as a matter of law, and there is no room for the doctrine of subsequent negligence under the undisputed facts.

The judgment is affirmed.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.