### DOOR v. VALLEY LUMBER CO.

1. MOTOR VEHICLES—NEGLIGENCE—FAILURE TO SOUND WARNING.
    Driver of truck seeing girl coasting on sidewalk, but having no reason to suspect that she would turn into street, was not guilty of negligence in failing to sound warning signal.

2. SAME—DIRECTED VERDICT.
    In action for death of girl four years and three months old, caused by her coasting in cart from sidewalk into street and running into side of truck, evidence *held,* to negative negligence on part of truck driver.

Case-made from Kent; Brown (William B.), J. Submitted April 10, 1931. (Docket No. 53, Calendar No. 35,523.) Decided June 1, 1931.

Case by Henry Door, administrator of the estate of Ilene Door, a deceased minor, against Valley Lumber Company, a Michigan corporation, and another for personal injuries resulting in the death of

plaintiff's decedent. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Leo W.* and *Clare E. Hoffman,* for plaintiff.

*Dunham, Cholette & Allaben,* for defendants.

Wiest, J. The morning of May 21, 1929, between the hours of eight and nine o'clock, Ilene Door, four years and three months of age, was. coasting in a little cart on the sidewalk along the north side of Johnson street in the .city of Grand Rapids. She was going west, slightly down grade, and suddenly turned into a paved driveway leading from the sidewalk to the curb, a distance of five feet, also down grade, and her cart went upon the pavement, ran into the side of a truck going west upon the proper side of the street, and she was killed. This suit was brought against the owner and driver of the truck to recover damages under the death act. At the close of proofs, the circuit judge directed a verdict in favor of defendants. The child was too young to be guilty of contributory negligence, and, upon review, we pass upon the question of whether there was negligence on the part of the driver of the truck.

Witnesses to the accident fully described the happening. The truck was driven at a speed of about 15 miles per hour on the proper side of the street, ten feet from the curb, and, when it was ten feet from the drive, the cart suddenly turned from the sidewalk, down the drive to the street pavement, the truck driver swerved his truck away from the approaching cart and applied the brakes, but the cart had such momentum that it carried the child to collision with the side of the truck, just forward of the rear wheel. The driver of the truck saw the girl

coasting on the sidewalk but had no reason to anticipate that she would turn down the drive and into the street. As soon as she turned into the drive and it was apparent that the speed of the cart would carry her into the street he swerved his truck away from her approach and applied the brakes. It would have been useless to sound a warning signal when the girl turned into the drive, and while she was coasting on the sidewalk no signal was called for.

Cases involving instances of children in the roadway have no application. The driver was guilty of no violation of law.

In *Hyde* v. *Hubinger*, 87 Conn. 704 (87 Atl. 790), a child, a few months over four years of age, was struck by an automobile while in a public street. What the court there said applies to this case:

"No evidence was offered from which the jury could reasonably have found negligent conduct on the defendant's part. There was an entire absence of testimony that he was traveling at an excessive speed, that he did not have his car under suitable control, or that he failed to exercise due care in any respect or at any time. There was no testimony to indicate that the plaintiff had left the sidewalk, where he was just before the accident, until the moment before he was hit, or that there was anything in the situation which called for special precaution on the defendant's part to avoid the accident which was not taken. On the contrary, the evidence indicates strongly that the plaintiff did not leave the walk, or come into a position of danger, or of apparent danger, until the defendant's car was so close to him that no reasonable efforts on its driver's part could have avoided running him down."

The evidence in the case at bar negatives negligence on the part of the truck driver.

The judgment is affirmed, with costs to defendants.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.