BRAXTON *v.* GAZDECKI.

1. MOTOR VEHICLES—DUTY OF DRIVER TO NOTICE PERSONS IN STREET.
   Automobile drivers must notice persons in street, but need not watch others unless they evidence intention to enter street.

2. SAME—NEGLIGENCE.
   In action for injuries resulting in death of 5-year old boy, who was struck by automobile, when, with head down, he darted out from curb and ran across street in front of automobile, evidence *held,* to establish no actionable negligence on part of driver.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted June 4, 1931. (Docket No. 86, Calendar No. 35,777.) Decided October 5, 1931.

Case by John Braxton, administrator of the estate of John Braxton, deceased, against Walter Gazdecki and another for personal injuries resulting in the death of plaintiff's decedent. Judgment for defendants. Plaintiff appeals. Affirmed.

*Harry M. Stone,* for plaintiff.

*Stan. C. Pietraszewski,* for defendants.

WIEST, J. This is an automobile accident case.

Shortly after the noon hour on the 21st day of August, 1925, defendants' automobile was being driven on the proper side of a street in the city of Detroit, when John Braxton, a boy five years of age, darted from the curb, ran across the street with his head down, and the left fender of the automobile struck him, and he received injuries causing his death a few days later. This suit was brought by the administrator of the boy's estate to recover damages. The case was tried by the court without a jury, and judgment passed for defendants on the ground that no negligence was made to appear. Upon appeal, it is urged that the driver of the automobile should have observed the boy in time to have stopped the automobile.

The street pavement was 38 feet wide, with double car tracks in the center. The automobile was going west near the north car track. The boy ran from the south curb across the street but was not seen by the driver of the automobile until he collided with the automobile fender, and then the automobile was stopped within 10 or 15 feet.

The only witness of the accident was a police officer, and he testified:

"When I got about 30 feet from the intersection, a little boy darted out from the curb, which would be the south side, and started running toward the north side at the crosswalk, and when he got to the east-bound rail, about in the center of that, he kind of hesitated, just for a second, and then he started running again. He had his head down, and the car came along. I saw there was going to be an accident. I held up my hand and hollered, but just at that time the left front headlight hit him, and he went down just like that (indicating) and the four

wheels straddled him. The car went about 10 or 15 feet and stopped.''

Was defendants' driver guilty of actionable negligence in not noticing the boy at the time he left the curb and darted across the street? Drivers must notice persons in the street, but need not watch others unless they evidence intention to enter the street. The street was narrow. The boy was outside of the driveway as the automobile approached. Had the driver of the automobile noticed the boy while he was standing at the curb and have kept his eye on him he would have seen him dart into the street and probably have had opportunity· to avoid the accident.

Was it the driver's duty to notice the boy in a place of safety and keep watch to see that he remained there? We may hold it was the duty of the driver to notice the boy at the curb without holding that he should have kept watch to see whether he would leave the place of safety. We agree with the holding that no actionable negligence was established.

The judgment is affirmed, with costs to defendants.

BUTZEL, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.