ZEBELL *v.* BUCK.

1. MOTOR VEHICLES—NEGLIGENCE—DIRECTED VERDICT.
   Where, in action for death of girl seven years and two months old as result of being struck by automobile, no negligence on part of driver was shown, verdict was properly directed for defendants.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
   Girl seven years and two months old, of sufficient intelligence to appreciate danger of what she was doing, who was killed when she ran from behind parked automobile into path of oncoming automobile without first looking for traffic, although there was nothing to interfere with her vision and day was bright and clear, was properly held guilty of contributory negligence as matter of law.

3. Trial—Question of Law.
    Where there is no question of fact to be decided by jury, question becomes one of law.

Appeal from Berrien; White (Charles E.), J. Submitted April 21, 1933. (Docket No. 26, Calendar No. 37,005.) Decided May 16, 1933.

Case by Reuben B. Zebell, as administrator of the estate of Loraine Zebell, deceased, against Paul Buck and another for the negligent killing of plaintiff's decedent. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Charles W. Gore,* for plaintiff.

*Gore & Harvey,* for defendants.

Butzel, J. Napier road, running in an easterly and westerly direction out of Benton Harbor, Michigan, is a macadamized highway 20 feet in width, and flanked by shoulders.. On the afternoon of November 3, 1930, Mrs. Burr, a teacher at a country school, was driving in a westerly direction along Napier road, accompanied by three of her pupils, one of whom was her niece, Loraine Zebell, at the time seven years and two months old. Mrs. Burr stopped her car on the north side of the road not far from the Zebell home, which stood on the opposite side of the highway. The car came to a standstill with its right wheels off the pavement. The car had only one door on the right side and it opened towards the front of the car, with the result that, to one approaching from the opposite direction, the view of anyone standing behind the open door was at least partially obstructed. Loraine stepped from the car and stood near the running board from a

minute to a minute and a half as she discussed
school work with Mrs. Burr.   Then Loraine went
around to the rear of the car and started to run
across the road.   At that moment, Mrs. Burr looked
up and saw a car approaching from the west.   She
called a warning to Loraine, but it was too late.
The oncoming car, driven by Mrs. Paul Buck, struck
the child with such force that she was instantly
killed.   Reuben B. Zebell, as administrator, brought
suit against Paul Buck and wife, claiming damages
under the death act (3 Comp. Laws 1929, §§ 14061,
14062).

Besides Mrs. Burr and the two children in the
car, plaintiff produced one witness who saw the acci-
dent from a field nearby.   Although Mrs. Burr
stated that the Buck car came "like a flash," this
witness testified that the car was going at a speed
of from 30 to 35 miles an hour, and that it swerved
to the south side of the road and eventually came
to a stop in the ditch after striking the child.   This
would indicate that an effort was made to avoid hit-
ting the girl.   The body of the child was found some
90 feet from the scene of the accident, but how far
it was dragged is not shown.

The declaration stated that Loraine was intelli-
gent, mentally alert, and physically sound.   The
testimony not only bore out this statement, but fur-
ther showed that she was an unusually bright child,
and that she was doing both second and third grade
work at school.   Plaintiff testified that she had been
cautioned repeatedly by her mother about the dan-
gers of traffic, and that she seemed to understand
her mother's instructions with regard to the care
she was to exercise.   She had been permitted to go
to school unaccompanied the previous year, and, as
her teacher stated, ordinarily she would stop and

look for oncoming cars before she crossed the road. On motion, the trial judge directed a verdict for the defendants on the ground that there was no negligence shown on their part and that there was contributory negligence on the part of plaintiff's intestate. There is no material dispute about the facts.

We are in full accord with the trial judge's views. No negligence on the part of defendants having been shown, it was proper for the trial judge to direct a verdict on that account. *Door* v. *Valley Lumber Co.*, 254 Mich. 694; *Braxton* v. *Gazdecki*, 255 Mich. 518.

The trial judge was also correct in finding plaintiff's intestate guilty of contributory negligence. Appellant relies upon the case of *Stehouwer* v. *Lewis*, 249 Mich. 76 (74 A. L. R. 844), in which the testimony conflicted throughout. Appellants contended therein that the court should have directed a verdict for plaintiff because the child was but 10 years old. We held that contributory negligence was a question properly left to the jury in that particular case, but did not, as appellant contends in the instant case, enunciate a general rule that the contributory negligence of infants is always a jury question. Such a decision would have been a departure from a long line of authority in this State.

The testimony in the present case shows that the little girl had sufficient intelligence to appreciate the danger of running across the road without first stopping and looking for oncoming cars. There was no traffic interfering with her vision; it was a bright, clear day. It is apparent, therefore, that there was no question of fact to be decided by the jury. The question became one of law. *Trudell* v. *Railway Co.*, 126 Mich. 73 (53 L. R. A. 271), quoted

with approval from *Henderson* v. *Railway Co.,* 116 Mich. 368, which involved a boy eight years of age. The court declared in the *Henderson Case:*

"The plaintiff himself testified that this boy had intelligence enough to appreciate the danger. He placed the boy on the stand and he so testified. The evidence clearly shows that there was nothing except this wagon and the east-bound car to obstruct the vision. Witnesses for the plaintiff state that, if the boy had looked in the direction of the car, he could have seen it. It was but common prudence in crossing such a thoroughfare to look, not only for the car, but for any vehicle which might be coming. Injury would have occurred from collision with an ordinary wagon just as surely as from running into this car, and, from the testimony of the lad himself, he had intelligence enough at the time to know this. Why, then, should it be left for the jury to say that he had not?"

See, also, *Ecliff* v. *Railway Co.,* 64 Mich. 196; *Knickerbocker* v. *Railway Co.,* 167 Mich. 596; *Mollica* v. *Railroad Co.,* 170 Mich. 96 (L. R. A. 1917 F, 118); *Apps* v. *Walters,* 216 Mich. 17.

The judgment of the lower court is affirmed, with costs to defendants.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.