## NAGY v. BALOGH.

1. NEGLIGENCE—INFANTS—CONTRIBUTORY NEGLIGENCE.
   A child 4 years and 9 months of age may not be charged with contributory negligence in suit to recover damages for injuries sustained by the child.

2. SAME—EVIDENCE—RES IPSA LOQUITUR.
   The happening of an accident is not of itself proof of negligence on the part of any person involved therein.

3. AUTOMOBILES—INFANTS—SPEED—FAILURE TO OBSERVE INFANT.
   Finding that defendant eastbound motorist was not guilty of negligence in failing to see plaintiff's decedent, a girl 4 years and 9 months of age, as she crossed 6-foot strip of pavement from between cars parked at north curb and defendant's line of travel, where he followed 25 feet behind preceding car at speed of 20 miles an hour *held*, proper, since it cannot be said with certainty that defendant must have observed the child when she stepped from behind a parked car and was hit by defendant's right front wheel, tables of deceleration showing required distance of 18 feet for stopping at a speed of 20 miles per hour.

4. SAME—FINDING OF TRIER OF FACTS.
   Record in action by administratrix of estate of child 4 years and 9 months of age *held*, to present testimony from which trial judge in nonjury case could have found that failure of defendant motorist to observe child when she stepped from behind a parked car was not a proximate cause of the accident.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence §§ 204, 205.
[2] 38 Am Jur, Negligence § 295 *et seq.*
[3, 4] 5 Am Jur, Automobiles §§ 196, 198, 213.
[3, 4] Duty and liability to person struck by automobile while crossing street at unusual place or diagonally.   14 ALR 1176; 67 ALR 313.
   Liability for injury to pedestrian who suddenly darts or steps into path of automobile.   65 ALR 192; 113 ALR 528.
[5] 3 Am Jur, Appeal and Error § 896 *et seq.*

5. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.
The Supreme Court does not reverse the judgment of a trial court
in a nonjury action at law, where the evidence on an issue of
fact does not preponderate in the opposite direction.

Appeal from Wayne; Miller (Guy A.), J.  Submitted October 7, 1953. (Docket No. 21, Calendar No. 45,653.)  Decided November 27, 1953.

Case by Eleanor D. Nagy, special administratrix of the estate of Maralyn Kay Nagy, deceased, against Louis Menhart Balogh for damages resulting from the death of plaintiff's decedent.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Youngjohn, Worley, Brown & Flynn,* for plaintiff.

*Payne & Payne (Everett D. Crowe,* of counsel), for defendant.

ADAMS, J.  This is an action at law brought by Eleanor D. Nagy, special administratrix of the estate of Maralyn Kay Nagy, deceased, plaintiff and appellant, to recover damages from Louis Menhart Balogh, defendant and appellee, for the wrongful death of Maralyn Kay Nagy, a child 4 years and 9 months old.  The case was tried in Wayne county circuit court without a jury and the plaintiff appeals from a judgment of no cause of action.

On August 29, 1950, at about 6:45 in the afternoon, defendant was driving his car in an easterly direction on Avis avenue in the city of Detroit.  Avis avenue is 28 feet in width from curb to curb and, at the point where the accident occurred, cars were parked on both sides of the street, leaving a usable strip of pavement for vehicular traffic not more than 16 feet wide.  The defendant was following another car which had given indication by light signal that it was about to make a right-hand turn.

Maralyn Kay Nagy, the deceased child, stepped from the north curb of Avis avenue behind a parked car, waited for the first of the 2 cars to pass and then moved into the path of the defendant's car. She was hit by the bumper, knocked to the pavement and crushed by the right front wheel. Defendant stopped his car before the right rear wheel reached her body. At the time of the accident and in his testimony at the trial, defendant admitted that he did not see the child before she was hit. The child was critically injured and died on the way to the hospital.

It is plaintiff's contention that under the circumstances defendant could have seen the child had he looked to the left and that in failing to see her, he was guilty of negligence. Further, that a child 4 years and 9 months old could not, as a matter of law, be guilty of contributory negligence and that consequently the court was in error in not finding for the plaintiff.

Defendant concedes that the child could not be charged with contributory negligence.

"At the time of the injury plaintiff was 5 years and 4 months old. We are of opinion that an infant of this extremely tender age cannot be charged with contributory negligence." *Johnson* v. *City of Bay City,* 164 Mich 251, 255 (Ann Cas 1912B, 866).

There remains then for determination on this appeal the issue of whether defendant, under a clear preponderance of the evidence, was guilty of negligence which was the proximate cause of the child's death.

While there is conflict in the testimony as to the exact location of the accident, the precise point of impact on defendant's car, and the opportunity of certain witnesses to observe the accident, nevertheless there are certain facts which were definitely established. Those established facts indicate that

defendant was traveling at not to exceed 20 miles per hour and below the legal limit permitted in the area. Not over 25 feet separated his car from the car ahead. Maralyn waited for the first car to pass and then skipped into the street and in front of defendant's car. Feeling the impact, defendant was able to stop his car before his rear wheels reached the child's body. At the moment of the impact he was observing the car ahead which had indicated that it was about to make a right-hand turn.

Peculiarly, although there were a number of people in the immediate vicinity of the accident, only 1 witness testified that he actually saw the car strike the child. That 1 witness was the 7-year-old brother of the deceased girl, but he could not state the location of defendant's automobile at the moment when Maralyn came from behind the parked car into the traveled portion of the street. Witnesses agree that there was an open area approximately 6 feet in width from the outside edge of the parked car to the near side of the defendant's car, but no one could say how far back the defendant was when the child entered that area. The happening of the accident was not of itself proof of negligence on the part of any of those involved.

Plaintiff says that, taking into account the minimum time that the child would require to reach a position in front of defendant's car, defendant could have seen her some 40 to 60 feet back from the point of impact. On the other hand, plaintiff's own witness testified that the child waited for the first of the 2 cars to pass before she came out into the street and the testimony indicates that the cars were not more than 25 feet apart. From that testimony it would be a reasonable inference that she entered the visible portion of the street when the defendant's car was less than 25 feet from her. Tables of deceleration show a required distance of 18 feet for stopping at

a speed of 20 miles per hour. We think, therefore, that it cannot be said with certainty that had the defendant observed the child when she stepped from behind the parked car, he could have avoided the accident.

In our opinion the record discloses testimony from which the trial judge could have found that the failure of the defendant to observe the child when she stepped from behind the parked car was not a proximate cause of the accident.

The trial judge saw the witnesses, listened to their testimony and had full opportunity to weigh the evidence. It cannot be said that from the printed record the evidence clearly preponderated against the defendant.

"In cases tried by the court without a jury, we do not reverse unless the evidence clearly preponderates in the opposite direction. *Benjamin* v. *Bondy,* 322 Mich 35, 40, and *Davis* v. *Randall,* 322 Mich 195, 198." *Allen* v. *Grand Trunk Western Railroad Co,* 334 Mich 104.

In view of our holding, it becomes unnecessary to pass upon alleged error in the trial court's rulings on the admissibility of certain evidence relating to damages.

The judgment is affirmed, costs to defendant.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.