AUTO-OWNERS INSURANCE COMPANY *v.* HASKINS.

1. AUTOMOBILES—BYSTANDER AT AUTOMOBILE WRECK.
   Whether or not plaintiff was guilty of contributory negligence
   was a question of fact under evidence showing that on a
   mid-December night when there was a windy snow he was
   standing near the front of his car which had just been pulled
   from the ditch by a wrecker when defendant's car approached
   and injured plaintiff as he jumped between his damaged car
   and the wrecker, it appearing that plaintiff had done all
   that a reasonably prudent person would be required to do
   under the circumstances.

2. APPEAL AND ERROR—NONJURY CASE—EVIDENCE.
   The Supreme Court does not reverse the judgment in a nonjury
   case unless the judgment clearly preponderates in the oppo-
   site direction.

3. AUTOMOBILES—REMOVAL OF WRECKED CAR—CONTRIBUTORY NEG-
   LIGENCE—QUESTION OF FACT.
   Whether or not plaintiff's damaged car could have been removed
   from the traveled portion of a 2-lane cement highway and ob-
   struction removed by wrecker which he had engaged to remove
   his car from ditch into which it had skidded was a question of
   fact under evidence showing that plaintiff, his companion
   and the driver of the wrecker had taken all the precautions
   reasonably prudent men would be required to take in order
   to avert a collision by oncoming vehicles on a stormy night in
   mid-December.

Appeal from Shiawassee; Lyons (Willis L.), J.
Submitted April 13, 1954. (Docket No. 58, Calendar
No. 45,980.) Decided June 7, 1954.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur, Automobiles §§ 442, 444.
[2] 3 Am Jur, Appeal and Error § 899.

Case by Richard Lazenby and Auto-Owners Insurance Company, as subrogee of Richard Lazenby, against Robert Haskins and Theron Haskins, for personal injuries and property damage arising out of automobile collision.   Judgment for plaintiffs. Defendants appeal.   Affirmed.

*V. O. Braun, Jay M. Terbush, Jr.,* and *Homer M. Bush,* for plaintiffs.

*James M. Teahen, Jr.,* for defendants.

Bushnell, J.   Defendants Robert Haskins and Theron Haskins have appealed from a judgment entered on April 16, 1953, in the circuit court of Shiawassee county in favor of Richard Lazenby for personal injuries, and Auto-Owners Insurance Company, subrogee, for property damage, arising from an automobile collision.   Lazenby is hereafter referred to as the plaintiff.   Appellants propound 2 questions:

"1. Did the court err in failing to grant a motion for a directed verdict against the plaintiff on the ground that the testimony showed plaintiff was guilty of contributory negligence, as a matter of law, in that plaintiff failed to act as a prudent person for his own safety and well-being?

"2. Did the court err in refusing to grant a motion for a directed verdict upon completion of plaintiff's proofs, for testimony of plaintiff showed that the automobile could have been removed from the traveled portion of the highway?"

About 8:30 p.m. on December 14, 1951, Richard Lazenby was traveling on M-71, a cement 2-lane highway, from Durand to Corunna.   The weather was particularly bad, with a windy snow, and the shoulders of the highway were icy.   About a mile and a half south of Corunna, Lazenby's automobile

skidded into the ditch on the left-hand side of the road. He went to Corunna and returned in a wrecker. His car was pulled out of the ditch and onto the right-hand side of the road, partly on the shoulder. Because of the damage to its radiator it was decided that it was necessary to push the car into Corunna. He and his companion, Steve Kostoff, and the driver of the wrecker proceeded to unhook the chain by means of which the car had been pulled out of the ditch. Kostoff, with a flashlight, was stationed at the back of the car to warn approaching traffic. There was a big light on the wrecker, in addition to the lights that were showing on the wrecked car. Lazenby was standing close to the hood of his car when through the swirling snow he saw an approaching vehicle. The driver of that car apparently had not seen the obstruction to traffic, caused by the damaged car and wrecker. According to Lazenby this vehicle was coming straight at them, and coming fast. He then hollered "run." Kostoff and the driver of the wrecker were able to get out of the way, but Lazenby could only jump toward the open space behind the wrecker. The approaching vehicle collided with Lazenby's car and caught him between it and the wrecker. His leg and some ribs were broken and he was unconscious when picked up by a passing motorist for the purpose of taking him to a hospital.

It is argued that Lazenby was guilty of negligence, as a matter of law, in continuing to stand in a place of danger and in having his car partly on and partly off the pavement. The driver of the wrecker explained that it was necessary to temporarily stop the Lazenby car in this manner, otherwise he would not have been able to handle the situation.

It seems hardly necessary to take extensive quotations from the authorities on the question of what is contributory negligence, as a matter of law, when the circumstances of the instant case indicate that

plaintiff's negligence here, if any, was a question of fact. See *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich 445; *Reedy* v. *Goodin,* 285 Mich 614, 620; and *Muth* v. *W. P. Lahey's, Inc.,* 338 Mich 513, 523. Lazenby did all that a reasonably prudent person would be required to do under the circumstances.

The case was tried without a jury and, therefore, we do not reverse unless the evidence clearly preponderates in the opposite direction. *Nagy* v. *Balogh,* 337 Mich 691. It was also a question of fact as to whether, in the interval, the damaged car could have been removed from the traveled portion of the highway. Lazenby, his companion and the driver of the wrecker took all the precautions that reasonably prudent men would be required to take in order to avert a collision by oncoming vehicles and, therefore, the court did not err in refusing to enter a judgment upon completion of plaintiff's proofs. No question is raised as to the amount of the judgment, and it is affirmed, with costs to appellees.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.