BOYD *v.* PARIS

1. Automobiles — Negligence — Removal of Vehicle — Duty — Ordinance.

    Trial court's finding that defendant was negligent for failing for over six hours to remove his vehicle from a position in which it was obstructing traffic following an accident *held,* proper even though defendant was at a hospital being treated for injuries received in the accident because defendant never lost consciousness and could have arranged by telephone to have the vehicle removed (Detroit Municipal Code § 38–14–7).

2. Automobiles—Negligence—Contributory Negligence—Striking Stalled Vehicle—Removal of Vehicle—Duty.

    Finding of trial court that plaintiff who struck defendant's stalled vehicle was not guilty of contributory negligence for failure to be able to stop in assured clear distance ahead and not having sufficiently powerful headlights *held,* a determination of fact supported by evidence where there was evidence that defendant's car was a dark color and was dirty, was un-lighted, and was parked in shadows.

Appeal from Wayne, Edward S. Piggins, J.  Submitted Division 1 February 11, 1969, at Detroit. (Docket No. 4,718.)  Decided March 26, 1969.  Leave to appeal denied December 10, 1969.  See 383 Mich 751.

Complaint by Michael Boyd, a minor, by his next friend Estelle Boyd, and George Need, Jr., against Eugene Paris, for damages resulting from an auto-

---

References for Points in Headnotes

[1]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 811, 816, 817.
[2]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 721, 774, 811, 816, 817, 825.

mobile collision. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Raymond L. Krell,* for plaintiff.

*Moore, Sills, Poling & Wooster* (*William G. Sinn,* of counsel), for defendant.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Defendant struck a parked car. His car remained at the scene of the accident while he went to the hospital because of minor injuries. Seven hours later, plaintiffs hit the defendant's car, which was parked perpendicularly extending five feet into the driving lane. The plaintiffs sued defendant and the city of Detroit, the city getting accelerated judgment due to the statute of limitations respecting the statutory basis of a claim. Defendant's motion for a directed verdict on the basis of plaintiffs' contributory negligence was denied. The trial court found as a matter of fact that defendant was negligent and that plaintiffs were not. A verdict of $3,000 for plaintiff Need and $750 for plaintiff Boyd is appealed.

The first question before us asks whether the court erred in finding evidence that defendant had a duty to remove his car although he was hospitalized because of injuries, during which time plaintiffs' vehicle struck his vehicle.

Section 38–14–7 of the municipal code of Detroit places the duty of removal of a disabled vehicle upon the driver and police. Analysis of the ordinance would indicate that though police might have had a duty, this fact would not necessarily abrogate defendant's duty. The defendant, though injured,

was lucid and could have ordered removal by telephone. There was ample evidence to support the trial court's decision. See *Auto-Owners Insurance Company* v. *Haskins* (1954), 340 Mich 110.

Assuming that the defendant had a duty to remove the car, the question is asked whether there was competent evidence to sustain a finding that defendant breached any duty to remove his disabled vehicle. A review of the record discloses that such evidence was adduced. Defendant's lucidity imposes the duty.

The further issue of plaintiff Need's contributory negligence is raised. Defendant states plaintiff did not stop within the assured clear distance and that his headlights were not of sufficient intensity to meet statutory requirements, constituting negligence *per se*. The defendant's car was unlighted and dirty and parked in shadows, sufficient questionable facts to make this a question of fact rather than law.

The contention that the trial court erred in its conclusion that defendant left his vehicle in a hazardous position is not borne out by a review of the record.

Affirmed. Costs to appellees.