TIBITOSKI v MACOMB DISPOSAL SERVICE, INC

Docket No. 67923. Submitted February 16, 1984, at Detroit.—Decided July 16, 1984. Leave to appeal applied for.

Plaintiffs, Debra Tibitoski, a minor, by her next friend, Joan Tibitoski, and Joan Tibitoski, individually, brought an action in the Macomb Circuit Court seeking damages resulting from the personal injuries suffered by the minor plaintiff when she was struck by a truck owned by defendant Macomb Disposal Service, Inc., and driven by defendant Gilbert J. Cramer. The jury determined that the defendants were not negligent and a judgment of no cause of action was thereafter entered, Kenneth N. Sanborn, J. Plaintiffs appeal alleging error in the trial court's instructions to the jury. *Held:*

1. The trial court correctly gave SJI 10.07, however, an additional non-standard jury instruction contradicted and nullified the standard jury instruction and was obvious prejudicial error.

2. Prejudice is presumed where there is a deviation from an applicable and accurate standard jury instruction provided that, as here, the deviation is brought to the attention of the trial court prior to the commencement of jury deliberations.

3. Plaintiffs' timely objection to the additional instruction was sufficient to preserve the issue regarding such instruction for appeal.

Reversed and remanded.

1. TRIALS — JURY INSTRUCTIONS — APPEAL.

Obvious prejudicial error occurs where a correct standard jury instruction given by a trial court is contradicted and nullified by an additional non-standard jury instruction.

2. TRIALS — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS.

Prejudicial error is presumed to occur where there is a deviation from an applicable and accurate standard jury instruction where such deviation is brought to the attention of the trial

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial §§ 610, 628.
[2, 3] 75 Am Jur 2d, Trial § 909.
[3] 5 Am Jur 2d, Appeal and Error § 891.

court prior to the commencement of jury deliberations; an instruction which contradicts an applicable standard jury instruction obviously deviates from it.

3. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION — COURT RULES.

A party may assign as error the giving of an instruction if the party objects thereto before the jury retires to consider the verdict and the party states specifically the matter to which he objects and the ground of his objection (GCR 1963, 516.2).

*Robert C. Vandenbroucke,* and *Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), of counsel, for plaintiffs.

*Nunneley, Hirt, Rinehart, Cermak & Buss, P.C.* (by *Thomas D. Rinehart*), for defendants.

Before: T. M. BURNS, P.J., and WAHLS and W. F. HOOD,* JJ.

W. F. HOOD, J. Plaintiffs seek damages resulting from the personal injuries suffered by the minor plaintiff when she was struck by a truck owned by the corporate defendant and driven by defendant Cramer. Plaintiffs appeal as of right from a judgment of no cause of action which was entered following a jury finding that defendants were not negligent. The sole issues involved in the appeal are whether there was prejudicial error in the court's instructions to the jury, and, if so, whether that error was preserved for appeal by proper objection.

The testimony of the minor plaintiff, age 14 at the time of the accident, was that on the morning of September 30, 1977, she and her brother were waiting for the school bus on the edge of a driveway shared by her family and defendant Macomb

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Disposal Service, Inc. The morning was dark and cloudy. Plaintiff was standing some 15 feet from the main road. When defendant Cramer turned his truck into the driveway, plaintiff tried to run past the front of the truck because she feared the truck had overshot the driveway and was going to strike her. She tripped and her leg was run over by the truck.

Defendant Cramer's testimony was similar, the only significant dispute being whether plaintiff was safe where she was originally standing. Cramer testified that plaintiff and her brother were standing still in a safe place when his lights passed over them as he turned into the driveway. The first he knew that plaintiff had moved from her position of safety was when he heard her scream.

The court's instructions to the jury included SJI 10.07, which is as follows:

"The law recognizes that children act upon childish instincts and impulses. If you find the defendant knew or should have known that a child or children were or were likely to be in the vicinity, then the defendant is required to exercise greater vigilance and this is a circumstance to be considered by you in determining whether reasonable care was used by the defendant."

To that instruction, at defendants' request, the court added the following, which is not part of SJI 10.07:

"However, a motorist is not bound to anticipate that a child will suddenly dart in front of the vehicle. A motorist is not liable if the accident was due to the unanticipated act of the child running in front of the car, without warning so suddenly that a driver could not stop."

It is the additional instruction which plaintiffs claim was error. We agree.

The additional instruction contradicts and nullifies the standard instruction to which it was appended. The offending instruction informed the jury that the defendants are not liable if the driver did not anticipate the child's actions. The thrust of SJI 10.07 is that the jury could find that the driver's failure to anticipate and take precautions against sudden actions of the child was itself negligence.

The correctness of the SJI instruction is fully supported by the cases cited in the Note on Use and Comment following SJI 10.07. To nullify it with a contradictory addition constitutes obvious prejudicial error.

Plaintiffs' counsel objected to the offending instruction as follows:

"The next one that I have is, I objected to the special instruction concerning that one prepared by counsel, *Door v Valley Lumber Company* and *Nagy v Balogh* concerning a child dart out. I object to that instruction being given, and that was given after 10.07. It was not one of the Standard Jury Instructions, and I don't feel it was proper."[1]

Defendants claim that this was not sufficient to

---

[1] *Door v Valley Lumber Co,* 254 Mich 694; 236 NW 910 (1931), and *Nagy v Balogh,* 337 Mich 691; 61 NW2d 47 (1953), were cited to the trial court by defendants in support of their request that the added instruction be given. In *Nagy* the Supreme Court upheld the finding of fact of the trial judge, sitting without a jury, that the defendant was not negligent in failing to see a child who had stepped out from behind a parked car. In *Door* a four-year-old child coasting down a sidewalk on a small cart suddenly turned down a paved driveway and into the side of defendant's truck. A directed verdict for the defendant was upheld on the ground that no failure to exercise ordinary care on the part of the defendant was shown. Neither case holds that the failure to anticipate a child's action exonerates a defendant from liability as a matter of law.

give the trial court a basis for rejecting the proffered instruction and that the failure to be more explicit constituted a waiver of the error. Failure to object to a proposed erroneous instruction may waive the error in many circumstances, foreclosing a right to appeal. This is based upon the premise that acquiescence in the instruction has invited the error. Here, counsel specifically objected on the ground that the offending instruction was not part of the standard jury instruction and was not proper. In no way can he be said to have acquiesced in the instruction or invited the error.

An instruction which contradicts an applicable standard instruction obviously deviates from it. In *Javis v Ypsilanti School Dist,* 393 Mich 689, 702-703; 227 NW2d 543 (1975), the Supreme Court said:

"Where there is * * * a deviation from an applicable and accurate SJI; prejudicial error will be presumed; * * * provided that * * * said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations."

Plaintiffs' objection that the proposed instruction given after SJI 10.07 was not part of the standard instruction and not proper constitutes compliance with the *Javis* requirements.

Moreover, we cannot accept defendants' proposition that objection to a proposed instruction is ineffectual if the ground of the objection is not stated with precision and keenness. There is such a rule applicable to objections to proffered evidence. Because all evidence is admissible unless excluded by some specific rule (MRE 402), the burden is properly on the party objecting to proffered evidence to make clear why it should be excluded. Thus, the ground of an objection to

evidence, if not readily apparent, "should be stated with perspicuity and particularity, in order that it may be understood by the court". *Case v Klute,* 283 Mich 581, 585; 278 NW 721 (1938).

A proposed jury instruction cannot be equated with proffered evidence. There is no rule that presumes the accuracy and propriety of a proposed instruction which is not part of the Standard Jury Instructions. If an erroneous instruction is proposed and given, the primary responsibility and fault obviously lies with the proponent in proposing it. Where the opposite party does not acquiesce in the giving of the erroneous instruction and specifically objects to it, neither logic nor justice would sanction rewarding the erring proponent with the benefit of the error and inflicting the penalty on the blameless opponent.

GCR 1963, 516.2 permits a party to assign as error the giving of an instruction if the party objects thereto before the jury retires to consider the verdict and the party states specifically the matter to which he objects and the ground of his objection. Plaintiffs made a timely objection specifically pointing to the instruction to which they objected and stated that it was not part of SJI 10.07 and was improper. This was sufficient.

Reversed and remanded for new trial.